**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

CURRAN PRESCOTT,

        PLAINTIFF,

v.                            CASE NO.:

THE WATERFORD AT CREEKSIDE,

        DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Curran Prescott, (hereinafter referred to as the "Plaintiff" or "Prescott"), by and through his undersigned attorney, sues the Defendant, The Waterford at Creekside (hereinafter referred to as the "Defendant" or "Waterford"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for disability discrimination and retaliation under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

## JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.     Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.     Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54.

5.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6.     Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On November 29, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202232255) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202200192). On May 27, 2022, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3).   Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received on July 13, 2022.

## PARTIES

7.     Plaintiff is a citizen of the State of Florida and resides in Santa Rosa

County.

8.     Defendant, The Waterford at Creekside, is located in Pensacola, Florida, and is a residential community for senior adults which does business in the State of Florida, Escambia County.

<u>GENERAL FACTS</u>

9.     Plaintiff is a 60-year-old Caucasian male.

10.     Plaintiff was employed by The Waterford at Creekside in Pensacola, Florida.

11.     On July 18, 2018, Plaintiff was hired by Mr. Kelly, the Executive Director, along with Mr. Darrin, the Regional Manager.

12.     Mr. Kelly resigned sometime later after Plaintiff was hired and Mr. Darrin then filled in for Mr. Kelly's position temporarily and then he assigned Andrea Myers to the Executive position.

13.     Plaintiff worked in The Waterford at Creekside facility as the facility's maintenance director.

14.     During his employment with Defendant, Plaintiff was responsible for overseeing the physical aspects of the facility and the departments involved, including environmental services, housekeeping, and maintenance.

15.     During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner.

16.    For three years under these directors there were no complaints or write ups and only 100 percent performance reviews.

17.    Plaintiff is disabled, he is hearing impaired and has substantial hearing loss in both ears.

18.    Because of his hearing impairment, Plaintiff had trouble hearing and understanding people.

19.    Plaintiff informed Mr. Kelly, the Executive Director, along with Mr. Darrin, the Regional Manager about his hearing and sight problems.

20.    As a result of his hearing loss, Plaintiff had difficulty hearing and understanding people and would speak loudly to individuals without knowing it.

21.    A new Executive Director, Mrs. Tess Helton, took over in June or July 2021.

22.    After Mrs. Helton became the Executive Director, Plaintiff noticed a change in the management team.

23.    Plaintiff was on-call 24-7 and worked overtime keeping the facility going.

24.    After Mrs. Helton became the Executive Director, she instructed Plaintiff put locks on the memory resident doors so that they could keep them locked in their rooms.

25.    Plaintiff objected to this request for various reasons, but primarily

because it was a health, safety and fire code violation for residents to be locked in their rooms.

26. Plaintiff also informed Mrs. Helton about the eight (8) tanks under the ground filled with propane that needed to be removed (tank and gas) because some of the tanks were leaking and Plaintiff was getting calls about the propane smell.

27. Mrs. Helton instructed Plaintiff to not to say anything about it.

28. Plaintiff informed Mrs. Helton that he was uncomfortable with her instructions as he was worried about the health and safety of the residents and employees as well as contaminating the water.

29. Shortly after having made these complaints, Plaintiff was out for a couple weeks after testing positive for Covid-19.

30. After his return, Plaintiff was informed that a resident made a complaint that he was speaking too loudly to her.

31. Mrs. Helton knew of Plaintiff's hearing loss and accused him of speaking loudly and aggressively with residents, employees and co-workers.

32. When Plaintiff went to apologize to this resident, she informed him that Defendant's management asked her to make that complaint and that it was not her intention to make one against him for speaking loudly.

33. On October 21, 2021, Plaintiff's employment was terminated.

### FIRST CAUSE OF ACTION
#### DISABILITY DISCRIMINATION

## AMERICANS WITH DISABILITIES ACT, (ADA)

34.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 23 and 30-33 of this complaint with the same force and effect as if set forth herein.

35.     The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

36.     At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than fifteen (15) employees.

37.     As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

38.     Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

39.     Plaintiff suffers from bilateral sensorineural hearing loss.

40.     A sensorineural hearing loss is where there is damage to the hair cells present in the cochlea, which is the hearing organ; or the neural pathways of the nerves responsible for hearing.

41.     Sensorineural hearing loss is a permanent condition that imparts Plaintiff's ability to hear and follow conversations or having to repeatedly ask people to repeat themselves, particularly when there is background noise, and noticing that other people comment that you are speaking loudly or shouting.

42.     Sensorineural hearing loss is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

43.     Plaintiff's sensorineural hearing loss substantially limited his ability to perform the major life function of hearing, communicating and concentration.

44.     Upon learning of Plaintiff's sensorineural hearing loss and complaints from employees and co-workers, Defendant failed engage in a good faith interactive process with Plaintiff to determine what accommodation may be needed.

45.     Upon learning of Plaintiff's sensorineural hearing loss, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff.

46.     Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's sensorineural hearing loss nor did Defendant "explore potential accommodations" to overcome his hearing limitations.

47.     Defendant's    termination    and    disqualification    of    Plaintiff's

employment on October 21, 2021, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant, violated the ADA.

48.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

49.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

50.     As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

### *SECOND CAUSE OF ACTION*
**(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT**
***Fla. Stat. Sections* 448.101—448.105)**

51.     Plaintiff restates and re-avers the allegations contained within paragraphs 7- 16 and 21through 33 of the Complaint, as if fully set forth herein.

52.     This is an action for a violation of the Florida Private Sector Whistle-blower Act, Fla. Stat. Sections 448.101—448.105.

53.     At all material times herein, Plaintiff was an employee of the Defendant, within the meaning of Florida Statute Section 448.101.

54.     At all material times herein, Defendant was an employer, within the meaning of Florida Statute Section 448.101.

55.     Most recently, Plaintiff worked in The Waterford at Creekside facility as the facility's maintenance director, and he was qualified for the position, which he held with the Defendant for approximately three (3) years and three (3) months.

56.     During his employment, Plaintiff discovered, reported and objected to Defendant's neglect and failure to keep its residents safe.

57.     After having objected to Mrs. Helton's violations of 393.067(7), Florida Statutes, which established minimum standards for facilities and programs licensed under this section, including rules requiring facilities and programs to train staff to detect, report, and prevent sexual abuse, abuse, neglect, exploitation, and abandonment, of residents and clients, minimum standards of quality and adequacy of client care and incident reporting requirements.

9

58.     Despite the objections and disclosures of Plaintiff, and certainly, these objections and disclosures were based upon the reasonable and good faith beliefs of Plaintiff, that the applicable federal and state laws had been violated, no responsive remedial action was undertaken by Defendant to cure or remedy the egregious legal violations.

59.     There was no substantive or reasonable business justification for the termination of Plaintiff's employment; he had not been previously warned of a deficient job performance.

60.     Plaintiff objected, according to a reasonable and bona fide good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent state and federal regulatory laws, rules and regulations.

61.     In short, Plaintiff was ultimately terminated from her employment on October 21, 2021, objecting to Mrs. Helton's neglect of patient safety and care according to his knowledge of actual violations, in additional to his reasonable good faith belief, to the violation of an applicable law, policy, rule and or regulation by the employees of the Defendant, namely, the failure to abide by and carry out the regulatory mandates for resident care and safety.

62.     Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was ultimately terminated on October 21, 2021, within days after he objected to state agencies and the Defendant regarding the

multiple violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for resident care and safety.

63.    There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from his employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

64.    The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated Florida Statute Section 448.102; and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

65.    As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

66.    As a result of being wrongfully and unlawfully discharged from his employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also

sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

67.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

68.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, Florida Statutes.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)    Declaring the acts and practices complained of herein are violation of the, ADA and FWPA;

b)    Enjoining and permanently restraining those violations of the ADA and FWPA;

c)    Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA and/or FWPA;

e)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, Statutory damages for lost wages, value of lost pension, insurance benefits, profit sharing and other benefits or compensation, plus interest thereon at the statutory rate, pursuant to the ADA and/or FWPA;

f)      Awarding compensatory damages pursuant to the ADA and/or FWPA for Plaintiff's discrimination claim;

g)      Granting such other relief as is and may be available under the ADA and/or FWPA and interpreting case law, including such equitable relief as the Court deems just and proper in the premises;

h)      Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to ADA and/or FWPA;

i)       Granting such other and further equitable relief as is available under either the ADA and/or FWPA of as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: October 7, 2022.    By:     */s/ Clayton M. Connors*
                                    CLAYTON M. CONNORS
                                    Florida Bar No.: 0095553
                                    Email: cmc@westconlaw.com
                                    **THE LAW OFFICES OF**
                                    **CLAYTON M. CONNORS, PLLC**
                                    4400 Bayou Blvd., Suite 32A
                                    Pensacola, Florida 32503
                                    Tel:  (850) 473-0401
                                    Fax: (850) 473-1388
                                    *Attorney for Plaintiff*